## NORTHLAND PINE COMPANY v. VICTOR BJORKLUND AND OTHERS.

### WILLIAM GREENBERG AND OTHERS, APPELLANTS.[1]

April 16, 1920.

No. 21,715.

**Mechanic's lien — findings not sustained by evidence.**

In an action to foreclose a mechanic's lien the evidence is *held* not to support the findings of the trial court to the effect that certain items of material for the building in question, upon which depends the validity of the lien, were furnished by plaintiff at the time stated in the lien statement or at all.

[1]Reported in 177 N. W. 353.

Action in the district court for Hennepin county to recover $875.34 and foreclose a mechanic's lien for the same. The case was tried before Hale, J., who made findings and ordered judgment in favor of plaintiff for $1,013.44 and that the premises be sold to satisfy the lien. From an order denying their motion for a new trial, William Greenberg and others appealed. Reversed.

*Simon Meyers,* for appellants.

*Elijah Barton,* for respondent.

QUINN, J.

Action to foreclose a lien claimed for material sold and delivered to the defendant Victor Bjorklund to construct a dwelling upon a lot which he owned. There was a trial and order for judgment of foreclosure. From an order refusing to set aside the findings and granting a new trial, defendants appeal.

Bjorklund was a contractor and builder and owned the premises referred to in the record as No. 3621 Bloomington avenue, Minneapolis. Between July 28 and November 5, 1915, plaintiff sold and delivered to him certain lumber and material of the value of $833.64, which was used in the construction of a dwelling house thereon. The building was substantially completed and ready for occupancy when, on November 17, 1915, Bjorklund sold the premises to the defendants Gustafson and Sundgren, who went into immediate possession under a contract for deed. On November 19 Bjorklund conveyed the legal title to the premises by warranty deed, at the same time assigning the Gustafson-Sundgren contract for deed to the defendant Lifshitz, and on January 15, 1916, Lifshitz sold and conveyed the same to the defendant Greenberg. Each of such conveyances was duly recorded at or about their date. The plaintiff claims to have delivered to Bjorklund upon said premises further material for use in completing such dwelling subsequent to the sales and transfers referred to, as follows:

| | |
|---|---|
| December 24, 1915 | $19.44 |
| March 17, 1916 | 14.09 |
| June 14, 1916 | 5.75 |
| June 14, 1916 | 2.42 |
| Total | $41.70 |

Plaintiff filed its claim for lien in the sum of $875.34, on August 8, 1916. This action was brought in February, 1917, and tried in October, 1918, when the court made its findings and conclusions, awarding a lien in the sum of $1,013.44, including interest, disbursements and attorney's fees, and directed a sale of the property to satisfy the same.

Appellants make no question but that the material claimed to have been delivered prior to November 17, the date when the premises were sold, was received for the purpose stated, but they insist that the dwelling was completed prior to that date, and that the items claimed to have been delivered subsequent thereto were not sold, furnished or used for such building. The trial court found against the defendants upon these contentions, and the question presented is, whether the evidence supports the findings.

The lien statement was filed for record August 8, 1916, nearly nine months after the premises were sold and occupied by strangers to this transaction. The plaintiff rests its proof of sale and delivery of the disputed items principally upon what are called delivery slips. Bjorklund had a running account with the plaintiff, had built many buildings, the material for which he purchased from it. The plaintiff's books of account were not produced. An order book was kept in which all sales were written up, but this book was not offered, nor was its absence accounted for. The action was not tried until nearly three years after it is claimed the disputed articles were delivered. The books of account would undoubtedly have thrown some light upon which buildings the different items were used. It is clear that, unless the items of June 14 were delivered for this building, the lien statement was not filed in sufficient time to preserve the lien. Bjorklund testified that he bought the mill-work, which included the screens for the windows of this building, from the North Side Sash & Door Company, and that he did not buy them from the plaintiff.

The material claimed for under deliveries of June 14, was three screens for windows 24 by 28 inches in size, seven small screens for basement windows, and a few cleats under a separate delivery. Plaintiff's proof of the delivery of these items depends largely upon the unreceipted delivery slips, the evidence being negative in character. The witness Gustafson testified that the building was completed at the time

of the sale, that there were screens in the basement for all the windows, and that he personally put them all on the following spring. In these matters he was fully corroborated by the witness Sundgren, and their testimony stands undisputed.

After carefully considering the testimony in this case we are forced to the conclusion that the learned trial court was in error and that the findings complained of are not supported by the evidence.

Reversed.